## No. 18,255.

HIRAM R. NICHOLS, ET AL. *v*. WALKER A. GARROTT.
(338 P. [2d] 683)

Decided April 20, 1959.   Rehearing denied May 18, 1959.

Mr. WALTER S. FURBEE, Mr. DAVID BERGER, for plaintiffs in error.

Messrs. SHELDON & NORDMARK, Mr. PAUL C. BROWN, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

DEFENDANT in error Garrott was plaintiff in the dis-

trict court in two separate actions against plaintiff in error Hiram R. Nichols and others to enforce a liability as officers and directors of certain corporations for debts of such corporations contracted during the year 1954, as a consequence of failure to file annual reports in behalf of the corporations for that year within the time limited by statute, March 15, 1955. That the corporate debts sued upon were contracted during the calendar year 1954, and that defendants were officers and directors of the corporations involved at the time the debts were incurred, is established by the stipulation of the parties. Findings and judgment below favored the plaintiff and the defendants are here on writ of error seeking reversal. We will refer to the parties as they appeared in the trial court.

The statute in effect during the calendar year 1954 under which the liability of officers and directors for the debts of a corporation attaches, is C.R.S. '53, 31-7-15. This section, with others, was amended by an act of the legislature approved March 18, 1955, the effect of which was to soften somewhat the obligations imposed upon officers and directors of corporations who failed to file or cause to be filed, the required annual reports. Under the amended statute the liability continues to exist but may be avoided by such officers filing the report on a day prior to that upon which creditors of the defaulting corporation bring an action to enforce the liability. The time for filing such reports is extended to May 1st of each year, beginning with reports for the year 1956, and contains the following proviso:

" * * * if such default shall have been cured by the subsequent filing of a delinquent annual report, then no suit may be filed against any officer or director under this section after the date of filing such delinquent report."

In the present case a delinquent annual report was filed for each of the corporations involved on June 7,

1955, it being the same day upon which these actions were filed in the district court.

It is contended by the defendants that the statute under which the plaintiff's claim arose having been amended three days after the delinquent date for filing reports thereunder, and prior to the filing of the actions, the penalties or obligations incurred became inoperative, and the liability of the defendants, if any, is governed by the amended statute. They contend further that the required reports having been filed on June 7th, the day upon which the actions were commenced, such filings relieved them of any liability for the debts of the corporations.

The plaintiff asserts that the judgment is correct under either statute, and contends that if the statute in force prior to the amendment be held applicable to debts contracted during the year 1954, or if it be considered that provisions of the amended statute must be applied to the enforcement of obligations arising prior to its effective date, he is entitled to his remedy, since the actions were brought while the annual reports of the corporations were in default. That the delinquent reports were filed on the same day the actions were brought, does not relieve defendants even tho the amended provision be considered procedural as contended, the language of the amendment being that "no suit may be filed against any officer or director under this section *after* the *date* of filing such delinquent annual report."

It is not disputed that the obligations attendant upon failure to comply with the requirements of filing annual reports are in nowise impaired by the amended statute, its rigor only is relaxed and convenient escape hatches provided for those officers and directors of corporations who incur the obligation to answer for its debts by failure to heed and comply with the requirement of filing an annual report.

We are persuaded that the actions here were filed at a time when the corporations involved were in

default in the filing of their annual reports for the year 1954, whether under the former or the amended statute. The language used by the legislature in the amendment is clear and unambiguous; that actions against officers and directors for debts of the corporation shall be barred "after" the date of the filing of a delinquent annual report. Had it been intended to bar actions "on or after" the date of filing a delinquent report, the legislature no doubt would have so provided. The clear intendment of the words used is that default continues through the day of filing such delinquent report, hence the corporations here were in default, and the defendants subject to the obligations of the statute, at the time these actions were filed.

Other matters noticed in the briefs need not be discussed in view of the repeal of the statutes invoked in this proceeding by Chapter 32 Laws of 1958.

Perceiving no error in the record, the judgments are affirmed.

Mr. Justice Sutton not participating.